Filing # 203589406 E-Filed 07/29/2024 04:35:06 PM

IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT IN AND FOR DUVAL COUNTY, FLORIDA

CASE NO.:

JOHN BIELKA,

        Plaintiff,

vs.

HARBOR FREIGHT TOOLS USA, INC.,

        Defendant.

_____/

## COMPLAINT

The Plaintiff, JOHN BIELKA, by and through his undersigned attorney, hereby files suit against Defendant, HARBOR FREIGHT TOOLS USA, INC. (hereinafter "HARBOR FREIGHT"), based upon the following grounds and alleges:

## VENUE AND JURISDICTION

1. This is an action is for damages in excess of $50,000.00[1], exclusive of costs, interest and fees.

2. At all material times, the Defendant, HARBOR FREIGHT, operated, conducted, engaged in, and carried on a tool and equipment business, known as and named Harbor Freight Tools, in Duval County, Florida, which included the assembling, testing, inspecting, selling, distributing, marketing, promoting, advertising and manufacturing of tools and their components.

---

[1] The estimated value of Plaintiff's claim is in excess of the jurisdictional threshold minimum required by this Court. As such, Plaintiff has made this allegation in paragraph one of Plaintiff's Complaint, and has entered "$50,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the Civil Cover Sheet *for jurisdictional purposes only.* The actual value of Plaintiff's claim will be determined by a fair and just jury in light of the evidence, including non-economic damages, for which there is no exact standard for measuring such damage.

-1-

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 07/30/2024 09:38:00 AM

3. The Defendant, HARBOR FREIGHT, is a for profit corporation and at all material times was operating, conducting, engaged in and carrying on business in Duval County, Florida.

4. On August 1, 2020, the Plaintiff, JOHN BIELKA, purchased a Pittsburgh Steel Tools wobble socket extension tool that was assembled, tested, inspected, sold, distributed, marketed, promoted, advertised and/or manufactured by or on behalf of the Defendant.

5. At the time of purchase, the Defendant informed and represented to the Plaintiff that the subject tool was free of defects and safe for use, while also providing an express, life time warranty for the tool. The Defendant also did not provide any warnings regarding any dangers posed by the subject tool due to any potential malfunctions.

6. On or about August 22, 2021, the Plaintiff, JOHN BIELKA, was at his home in Jacksonville, Florida and was using the subject tool when it broke, causing the Plaintiff, JOHN BIELKA, to sustain injuries, including a fractured right ankle.

7. The tool broke during foreseeable use, due to defects with the tool, including, but not limited to, improper and/or missing warnings, causing serious and permanent injuries to the Plaintiff.

8. The serious and permanent injuries of the Plaintiff caused by the defects in the tool, include, but are not limited to, right ankle fracture with surgery and permanent scarring.

**ALLEGATIONS COMMON TO ALL COUNTS AGAINST DEFENDANT**

9. The Plaintiff was the owner of the subject tool at the time of the subject incident.

10. At all times material, the Plaintiff was a foreseeable user of the subject tool.

11. At all times material, the Defendant was engaged in the business of assembling, testing, inspecting, selling, distributing, marketing, promoting, advertising and manufacturing Pittsburgh Steel Tools and their components, such as the subject tool.

12.    At all times material, the subject tool was assembled, tested, inspected, sold, distributed, marketed, promoted, advertised and/or manufactured without consideration for warnings and defects resulting in its breaking, despite it being used under intended and/or reasonably foreseeable conditions or in an intended and/or reasonably foreseeable manner.

13.    At all times material, the Defendant failed to perform adequate testing, examination, inspection, and verification to determine the circumstances under which the subject tool was prone to break while being used under intended and/or reasonably foreseeable conditions or in an intended and/or reasonably foreseeable manner.

14.    At all times material, the Defendant assembled, tested, inspected, sold, distributed, marketed, promoted, advertised and/or manufactured the subject tool and placed it into the stream of commerce intending that it be used in the manner that it was being used at the time of the subject incident, which proximately caused serious and permanent injuries to the Plaintiff.

15.    Upon information and belief, at no time material hereto was the subject tool subjected to any unintended and/or unforeseeable conditions.

16.    At the time of the subject incident, the subject tool was in substantially the same defective condition as it was when it left the Defendant's possession or control.

17.    The Defendant owed a duty to users, consumers, and operators to use reasonable care in assembling, testing, inspecting, selling, distributing, marketing, promoting, advertising and manufacturing the subject tool, so that the subject tool could be safely used in a manner and for a purpose for which it was made.

18.    The Defendant owed a duty to users, consumers, and operators, to provide adequate warnings to the owners and/or intended or foreseeable users of the subject tool, on how to use, maintain, recognize and appreciate the dangers inherent within the subject tool, including the

-3-

dangers associated with the reasonably foreseeable and intended use of the tool and its components.

19.     The Defendant breached such duties by assembling, testing, inspecting, selling, distributing, marketing, promoting, advertising, manufacturing and the lack of warnings about the subject tool, in such a negligent manner that it was likely to fail even while being used in an intended and/or reasonably foreseeable manner.

20.     The negligent manner in which the subject tool was assembled, tested, inspected, sold, distributed, marketed, promoted, advertised and/or manufactured, including the lack of warnings, was the proximate cause of the tool breaking and caused serious and permanent injuries to the Plaintiff.

## COUNT I - NEGLIGENCE v. HARBOR FREIGHT

21.     The Plaintiff realleges paragraphs 1-20 and incorporates them as if fully pled herein.

22.     HARBOR FREIGHT, Defendant, assembled, tested, inspected, sold, distributed, marketed, promoted, advertised and/or manufactured the subject tool.

23.     In assembling, testing, inspecting, selling, distributing, marketing, promoting, advertising, and manufacturing the subject tool, the Defendant had a duty to users, consumers, and operators, including the Plaintiff, to provide products that are safe for their intended and foreseeable uses.

24.     This Defendant owed a duty to users, consumers, and operators, including the Plaintiff, to use reasonable care in assembling, testing, inspecting, selling, distributing, marketing, promoting, advertising, and manufacturing the subject tool, so that the subject tool could be safely used in a manner and for a purpose for which it was made.

-5-

25.    This Defendant was under a duty to provide proper and adequate warnings, safety and familiarization training to the intended and/or foreseeable users of the subject tool, including the Plaintiff, on how to use, maintain, recognize and appreciate the dangers inherent with the subject tool, and the dangers associated with the reasonably foreseeable and intended use of this tool.

26.    This Defendant breached its duty of reasonable care owed to foreseeable and intended users, including the Plaintiff, of the subject tool, by negligently assembling, testing, inspecting, selling, distributing, marketing, promoting, advertising, and manufacturing the subject tool when it was not in a reasonably safe condition for foreseeable or intended use, in one or more of the following ways:

    a.    Failed to assemble, test, inspect, sell, distribute, market, promote and advertise the subject tool so that it did not have defects, resulting in the malfunction of the subject tool and causing injury to the Plaintiff, or any other user, under ordinary use and normal function of the subject tool;

    b.    Failed to assemble, test, inspect, sell, distribute, market, promote and advertise the subject tool so that it did not have the possibility to malfunction and cause injury to the Plaintiff, or any other user, under ordinary use and normal function of the subject tool;

    c.    Failed to warn of the dangers associated with the assembly, testing, inspecting, selling, distributing, marketing, promoting and advertising of the subject tool and specifically its potential to malfunction and cause injury to the Plaintiff, or any other user, under ordinary use a normal function of the subject tool;

    d.    Failed to assemble, inspect, test, and/or inspect the subject tool to ensure that it was reasonably safe and free from defects;

e.      Failed to perform adequate assembly, inspection, and/or testing on the subject tool to determine the circumstances under which it was likely to malfunction while being used under intended and/or reasonably foreseeable conditions or any unintended and/or reasonably foreseeable manner;

f.      Assembled, tested, inspected, sold, distributed, marketed, promoted, advertised and did not provide warnings about the subject tool and its malfunction propensities in such a way that it was likely to fail even while being used in an intended and/or reasonably foreseeable manner;

g.      Failed to adequately warn foreseeable and intended users of the subject tool about its unintended malfunction dangers while being used under intended and/or reasonably foreseeable conditions or in an intended and/or reasonably foreseeable manner; and

h.      Failed to devise, implement, or instruct foreseeable and intended users on the appropriate and proper safety measures in operating the subject tool to prevent malfunction while being used under intended and/or reasonably foreseeable conditions or in an intended and/or reasonably foreseeable manner.

27.     The Defendant knew or should have known the tool was not in a reasonably safe condition for the Plaintiff to use when the Defendant sold it to the Plaintiff for use.

28.     The Defendant knew or in the exercise of reasonable care should have known that its breach of one or more of its duties would cause injuries to others, including the Plaintiff, JOHN BIELKA.

29.     As a direct and proximate result of the Defendant's negligence, the Plaintiff, JOHN BIELKA, has suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity to enjoy life, expense of hospitalization, medical and nursing care

and treatment, lost wages, loss of ability to earn money in the future, and aggravation of a previously existing condition.  The injuries and losses are either permanent or continuing in nature, and the Plaintiff, JOHN BIELKA, will suffer such injuries, losses and impairments in the future.

WHEREFORE, the Plaintiff, JOHN BIELKA, demands judgment against the Defendant, HARBOR FREIGHT, in excess of $50,000.00, costs of this action, interest, a trial by jury on all issues so triable, and any other relief this Court deems just and proper.

### COUNT II- STRICT LIABILITY v. HARBOR FREIGHT

30.     The Plaintiff realleges paragraphs 1-20 and incorporates them as if fully pled herein.

31.     The Defendant is in the business of selling and distributing tools and equipment, such as the subject tool.

32.     The Defendant placed the subject tool in the market with knowledge that it would be used without inspection for defect or unknown dangers. The Defendant knew or should have known and appreciated that ultimate users, operators or consumers would not and could not properly inspect the subject tool for defects and dangerous conditions, and that the detection of such defects or dangers would be beyond the capabilities of such people.

33.     The subject tool was defective and unreasonably dangerous to ultimate users, operators, or consumers, including the Plaintiff, at the time it was assembled, tested, inspected, sold, distributed, marketed, promoted, advertised or placed into the stream of commerce by the Defendant due to one or more of the following:

a.     The subject tool was assembled, tested, inspected, sold, distributed, marketed, promoted, and advertised with the propensity to malfunction, resulting in the subject

incident, as a result of foreseeable events which made the subject tool unfit for its ordinary purpose of providing safe usage;

b.    The subject tool was defective due to inadequate, or the absence of, warning stickers, placards, or any proper documentation, or notice to alert users regarding hazardous conditions, as stated above, involving the use and operation of the subject tool;

c.    The subject tool was assembled, tested, inspected, sold, distributed, marketed, promoted, and advertised in such a manner that the subject tool lacked and/or contained defective warnings which rendered the subject tool unreasonably dangerous to people such as the Plaintiff, who was an intended and/or foreseeable user of the subject tool;

d.    The subject tool was assembled, tested, inspected, sold, distributed, marketed, promoted, and/or advertised in such a manner that the subject tool had inadequate and/or defective safety devices and measures;

e.    The subject tool was assembled, tested, inspected, sold, distributed, marketed, promoted, and/or advertised in such a manner that the subject tool did not have adequate safety devices to prevent damage and injury due to the defective condition of the subject tool;

f.    The subject tool was assembled, tested, inspected, sold, distributed, marketed, promoted, and/or advertised in such a manner that the subject tool was capable of unexpectedly malfunctioning;

g.    The subject tool was assembled, tested, inspected, sold, distributed, marketed, promoted, and/or advertised in such a manner that the subject tool failed to perform as safely as an ordinary consumer and/or user would expect when using the subject tool in an intended and/or reasonably foreseeable manner;

h.      The Defendant failed to incorporate available alternative materials that would perform as a reasonable consumer would expect during foreseeable usage of the subject tool;

i.      The Defendant failed to adequately warn consumers as to the known risk to operators of the subject tool of serious bodily harm due to the malfunctioning created by the assembling, testing, inspecting, and manufacturing of the subject tool.

34.     For the reasons stated above, the subject tool was unreasonably dangerous to foreseeable users, including the Plaintiff, who reasonably and foreseeably, under ordinary circumstances, would use the subject tool.

35.     The defects described above directly and proximately caused the subject incident, the damages, and the serious, permanent injuries to the Plaintiff, in that it directly in natural and continuous sequence produced or contributed substantially to his injuries.

36.     As a direct and proximate result of the foregoing conduct of the Defendant, the Plaintiff, JOHN BIELKA, has suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity to enjoy life, expense of hospitalization, medical and nursing care and treatment, lost wages, loss of ability to earn money in the future, and aggravation of a previously existing condition.  The injuries and losses are either permanent or continuing in nature, and the Plaintiff, JOHN BIELKA, will suffer such injuries, losses and impairments in the future.

WHEREFORE, the Plaintiff, JOHN BIELKA, demands judgment against the Defendant, HARBOR FREIGHT, in excess of $50,000.00, costs of this action, interest, a trial by jury on all issues so triable, and any other relief this Court deems just and proper.

## COUNT III - BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY v. HARBOR FREIGHT

37.     The Plaintiff realleges paragraphs 1 through 20 and incorporates them as a fully pled herein.

38.     The Defendant knew or should have known the subject tool was going to be used by the Plaintiff for its intended or foreseeable purpose.

39.     The Defendant knew or should have known the subject tool was intended to be used by the Plaintiff.

40.     It was reasonably foreseeable to the Defendant that the subject tool was going to be used by the Plaintiff.

41.     The subject tool was not reasonably fit for being used by the Plaintiff.

42.     The subject tool was defective, as it malfunctioned while the Plaintiff was using it.

43.     The Defendant is liable for the defect in the subject tool, as the Defendant sold and/or supplied the subject, defective tool to the Plaintiff.

44.     As a direct and proximate result of the Defendant selling and/or supplying the subject, defective tool to the Plaintiff, the Plaintiff, JOHN BIELKA, has suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity to enjoy life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money in the future, and aggravation of a previously existing condition.  The injuries and losses are either permanent or continuing in nature, and the Plaintiff, JOHN BIELKA, will suffer such injuries, losses and impairments in the future.

WHEREFORE, the Plaintiff, JOHN BIELKA, demands judgment against the Defendant, HARBOR FREIGHT, in excess of $50,000.00, costs of this action, interest, a trial by jury on all issues so triable, and any other relief this Court deems just and proper.

## COUNT IV - BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULARPURPOSE v. HARBOR FREIGHT

45. The Plaintiff realleges paragraphs 1-20 and incorporates them as if fully pled herein.

46. The Defendant sold the subject tool to the Plaintiff knowing it would be used by the Plaintiff.

47. The Defendant also sold the subject tool to the Plaintiff by knowingly stating it was safe for usage.

48. The Plaintiff relied on the Defendant that the subject tool would be safe for usage before the Plaintiff agreed to purchase and take possession of the subject tool from the Defendant.

49. The Plaintiff also relied on the judgment of the Defendant that the subject tool was safe for usage for his purchase of the subject tool from the Defendant.

50. The subject tool was defective because it was not reasonably fit for its specific purpose, as it malfunctioned while the Plaintiff was using it on August 22, 2021.

51. The Defendant is liable for the defect in the subject tool, as the Defendant sold the subject, defective tool to the Plaintiff.

52. As a direct and proximate result of the Defendant selling the subject, defective tool to the Plaintiff, the Plaintiff, JOHN BIELKA, has suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity to enjoy life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money in the future, and aggravation of a previously existing condition. The injuries and losses are either permanent or continuing in nature, and the Plaintiff, JOHN BIELKA, will suffer such injuries, losses and impairments in the future.

WHEREFORE, the Plaintiff, JOHN BIELKA, demands judgment against the Defendant, HARBOR FREIGHT, in excess of $50,000.00, costs of this action, interest, a trial by jury on all issues so triable, and any other relief this Court deems just and proper.

### COUNT V - BREACH OF EXPRESS WARRANTY v. HARBOR FREIGHT

53.     The Plaintiff realleges paragraphs 1-20 and incorporates them as if fully pled herein.

54.     The Defendant sold the subject tool to the Plaintiff knowing it would be used by the Plaintiff.

55.     The Defendant also sold the subject tool to the Plaintiff by knowingly stating it was safe for usage and providing an express, lifetime warranty for the tool.

56.     The Plaintiff relied on the Defendant's statements that the subject tool would be safe for usage and the express, lifetime warranty for the tool, before the Plaintiff agreed to purchase, take possession of, and use the subject tool from the Defendant.

57.     The subject tool was defective because it was not reasonably fit for its specific purpose, as it malfunctioned while the Plaintiff was using it on August 22, 2021.

58.     The Defendant is liable for the defect in the subject tool, as the Defendant sold the subject, defective tool to the Plaintiff.

59.     As a direct and proximate result of the Defendant selling the subject, defective tool to the Plaintiff, the Plaintiff, JOHN BIELKA, has suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity to enjoy life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money in the future, and aggravation of a previously existing condition.  The injuries and losses

are either permanent or continuing in nature, and the Plaintiff, JOHN BIELKA, will suffer such injuries, losses and impairments in the future.

WHEREFORE, the Plaintiff, JOHN BIELKA, demands judgment against the Defendant, HARBOR FREIGHT, in excess of $50,000.00, costs of this action, interest, a trial by jury on all issues so triable, and any other relief this Court deems just and proper.

### COUNT VI – RES IPSA LOQUITUR v. HARBOR FREIGHT

60.     The Plaintiff realleges paragraphs 1-20 and incorporates them as if fully pled herein.

61.     This claim is made under the doctrine of Res Ipsa Loquitur as an alternative claim should it be shown through discovery that the subject tool was in the exclusive control at the relevant times, per the standard of the doctrine, of the Defendant.

62.     The unintended malfunction of the subject tool described previously, which caused the subsequent injuries to the Plaintiff, is a kind of incident that does not ordinarily occur without negligence or product defect.

63.     The unintended malfunction of the subject tool described previously, which caused the subsequent injuries to the Plaintiff, was not due to any voluntary action by the Plaintiff.

64.     As a direct and proximate result of the foregoing conduct of the Defendant, the Plaintiff, JOHN BIELKA, has suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity to enjoy life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money in the future, and aggravation of a previously existing condition.  The injuries and losses are either permanent or

-13-

continuing in nature, and the Plaintiff, JOHN BIELKA, will suffer such injuries, losses and impairments in the future.

WHEREFORE, the Plaintiff, JOHN BIELKA, demands judgment against the Defendant, HARBOR FREIGHT, in excess of $50,000.00, costs of this action, interest, a trial by jury on all issues so triable, and any other relief this Court deems just and proper.

Dated this 29th day of July, 2024.

**COKER LAW**

*/s/ Matthew N. Posgay, Esquire_____*
**MATTHEW N. POSGAY, ESQUIRE**
Florida Bar No. 0046590
**W. TUCKER NORTON, ESQUIRE**
Florida Bar No. 1038869
136 East Bay Street
Jacksonville, Florida 32202
(904) 356-6071
(904) 353-2425 Facsimile
MNP@cokerlaw.com  (Primary)
WTN@cokerlaw.com
AJK@cokerlaw.com
SML@cokerlaw.com

*Attorneys for Plaintiff*

-14-